**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN EDWARD MILES, JR.

    Plaintiff,

v.                                              Case No. 3:19-cv-1031-J-32MCR

OFFICE OF THE SHERIFF
MIKE WILLIAMS & DUVAL COUNTY
DETENTION CENTER,

    Defendants.

## ORDER OF DISMISSIAL WITHOUT PREJUDICE

Plaintiff, John Edward Miles, Jr., an inmate at the Duval County Jail, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names two Defendants: the "Office of the Sheriff Mike Williams"[1] and the "Duval County Detention Center." Doc. 1 at 1. Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by housing Plaintiff, a pretrial detainee, in the same cell block with convicted state prisoner, Freddy Marshall. Id. He contends that he and Marshall got into a physical altercation resulting in Plaintiff suffering life threatening injuries. Id. Plaintiff argues that "[a]t no time should a sentenced state prisoner be confined with an unsentenced pretrial detainee for saf[e]ty purposes." Id. As relief, Plaintiff requests "the max" for all his injuries. Id. at 6.

---

[1] Mike Williams is the Sheriff of the Duval County Sheriff's Office.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or

2

federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

State law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Likewise, jail facilities are not amenable to suit under § 1983. See Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Because the Duval County Sheriff's Office and the Duval County Jail are not legal entities amenable to suit, Plaintiff fails to state a claim upon which relief may be granted against them. Thus, the Complaint is due to be dismissed on that basis. See, e.g., Reyle v. Clay Cty. Jail, No. 3:18-cv-522-

3

J-34JRK, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (holding that dismissal without prejudice was warranted when the only named defendant in action was the Clay County Jail).

To the extent Plaintiff sues Sheriff Mike Williams based on supervisor liability, Plaintiff's claim fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the DOC because the plaintiff failed to allege that the secretary personally

4

participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (affirming dismissal of a § 1983 action against a municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint").

Plaintiff does not allege that Williams personally participated in the alleged denial of his constitutional rights. Moreover, he does not allege that Williams had a policy, practice, or custom that resulted in constitutional violations. See generally Doc. 1. Plaintiff asserts only that pretrial detainees should not be housed with convicted inmates, because "in June or July of 2019 . . . in the cell where all state prisoner[s] are held in one cell block[,] a prisoner was murdered . . . ." Id. at 4. However, Plaintiff has not demonstrated that this single prior incident establishes "a history of widespread abuse" that would put Williams on notice of the need to correct Plaintiff's alleged constitutional violation, but Williams has failed to do so. See Cottone, 326 F.3d at 1360. Thus, Plaintiff's conclusory statement fails to satisfy the pleading standard. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826.

Accordingly, **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2019.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   John Edward Miles, Jr., #2018008023